UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

v.  Case No: 6:17-cr-175-Orl-41EJK

**WINTON GEORGE WILKS, IV**
_____/

**ORDER**

THIS CAUSE is before the Court on the United States' Request for Revocation of Conditional Release Under 18 U.S.C. § 4243(g) ("Motion," Doc. 165). United States Magistrate Judge Embry J. Kidd held an evidentiary hearing on October 17, 2019. (Min. Entry, Doc. 167). At the hearing, the United States called Dr. Kristina P. Lloyd, Hillsborough County Deputy Sheriff Christopher Parmentier, and United States Probation Officer Alerson Jaquez. (*Id.* at 1). The United States also admitted five exhibits as evidence. (*Id.*). After the hearing, Magistrate Judge Kidd issued a Report and Recommendation ("R&R," Doc. 169) recommending that the Motion be granted and that Defendant be remanded to the custody of the Bureau of Prisons for further evaluation and treatment. Defendant filed an Objection to the R&R (Doc. 170) on November 4, 2019.

Objections to a magistrate judge's order are reviewed under the "clearly erroneous" or "contrary to law" standard pursuant to Federal Rule of Criminal Procedure 59(a). Defendant asserts that the United States failed to present any direct evidence to establish that Defendant did not take his prescribed medication. At the evidentiary hearing, Dr. Lloyd testified that she reviewed records documenting Defendant's behavior during his interaction with the Hillsborough County Sheriff's Office on September 2, 2019, and his Instagram posts following his release from FMC

Butner. Dr. Lloyd concluded that Defendant's rapid behavioral deterioration was consistent with Defendant's failure to take his prescribed medication. Magistrate Judge Kidd relied on Dr. Lloyd's testimony in making his recommendation.

Defendant also claims that the United States failed to establish that Defendant's continued release would create a substantial risk of bodily injury to another person or serious damage to the property of another. The thrust of this argument is Defendant's claim that there was no evidence presented at the hearing that Defendant had actually harmed anyone, possessed any weapons, or taken any overt acts in furtherance of harming others. However, at the evidentiary hearing the United States presented evidence that Defendant was banging on a neighbor's door at 4:00 AM shouting that he was going to purchase the home, threatened to kill the law enforcement officer who placed him in custody that same morning, and posted several comments on Instagram that were received by the victim, including a threat to kill the victim's father. It is worth noting that the Court ordered Defendant to have no direct or indirect contact with the victim. (Aug. 29, 2019 Order, Doc. 149, at 1).

Defendant has not established that the Magistrate Judge's decision was clearly erroneous or contrary to law. Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Objection to the Report and Recommendation (Doc. 170) is **OVERRULED**.

2. The Report and Recommendation (Doc. 169) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

3. The United States' Request for Revocation of Conditional Release Under 18 U.S.C. § 4243(g) (Doc. 165) is **GRANTED**.

4. Defendant is **REMANDED** to the custody of the Bureau of Prisons for further evaluation and treatment.

**DONE** and **ORDERED** in Orlando, Florida on November 22, 2019.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record